**GENEVA STEEL CO. v. PALFREYMAN.**

No. 3307.

Circuit Court of Appeals, Tenth Circuit.

Oct. 31, 1946.

Parnell Black, of Salt Lake City, Utah (Calvin W. Rawlings, H. E. Wallace and B. E. Roberts, all of Salt Lake City, Utah, on the brief), for appellant.

Edgar C. Jensen, of Salt Lake City, Utah (H. P. Thomas, Frank Armstrong, and Thomas, Jensen & Armstrong, all of Salt Lake City, Utah, on the brief), for appellee.

Before PHILLIPS, HUXMAN and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

This was an action by B. D. Palfreyman against the Geneva Steel Company [1] to recover rent under a lease denominated an Equipment Rental Agreement. Geneva filed a counterclaim in the action, in which it sought affirmative relief against Palfreyman. At the conclusion of all the evidence, Geneva moved for a directed verdict against Palfreyman and for a directed verdict in its favor on its counterclaim. The motions were denied and the cause was submitted to the jury. It returned a verdict in favor of Palfreyman on which judgment was entered. It is from this judgment that this appeal is prosecuted. The only substantial question presented is whether there was sufficient evidence requiring the submission of Palfreyman's claim to the jury.

[1] Herein called Geneva.

On August 15, 1944, Palfreyman leased his gasoline power shovel to Geneva by written contract, which provided for a monthly rental of $1,375. The contract gave Geneva the right of termination on 10 days written notice. Under OPA Maximum Price Regulation 134, which was made a part of the contract, no rent was payable during such time as the equipment was idle due to breakdowns caused by normal wear and tear. The machine was first used on August 19, 1944. Between that time and November 11, 1944, it was out of use on numerous occasions for repairs. It was not used after November 11, 1944. Geneva formally terminated the rental agreement by written notice effective April 26, 1945. Palfreyman's action sought to recover the stipulated rent from November 11, 1944 to April 26, 1945. The liability of Geneva therefore depends upon whether the machine was useless during this time and if it was, whether it became so as the result of normal wear and tear or from a lack of proper care and maintenance by Geneva while it was operating the machine.

■ It is conceded that the machine was old and in bad condition. There was evidence that the last user thereof under a similar rental contract abandoned its use and that Palfreyman failed in a suit to collect rent therefor. Geneva also produced a large number of substantial witnesses who testified that the machine had proper care and maintenance, that it was well lubricated at all times while in its possession, and that it became useless as the result of normal wear and tear. Most of the difficulty centered around the swing gears which operate the boom. A number of competent witnesses testified for Geneva that the swing gears were worn out and could not be taken up and repaired and made to work. It is not necessary to recite this evidence in detail, because the only question is whether there was sufficient evidence from which a contrary conclusion could be reached to require the submission of this question to the jury. By rule of law too well known to need citations of authorities, we may not on appeal weigh or balance evidence. That is for the jury. Our power is limited to an ex-amination to see if there was evidence of sufficient weight to legally justify a contrary conclusion.

■■ Palfreyman offered only two witnesses. E. T. Crandall testified that he examined the swing gears and that they were not worn out and that they could be taken up in a simple operation, which would require no more than 20 minutes, and be made to work. True, his testimony stands alone against an array of competent witnesses who testified to the contrary. But he was a competent witness. He had operated shovels for years. He exhibited knowledge concerning the matters about which he testified. We may not reject his testimony merely because it stands alone or because we might have believed the greater number of qualified witnesses who contradicted his testimony. Concerning the cause of the wear and tear on the gears, Alvin T. Woods testified that he had been a mechanic since he was 14 years old; that at the time of his testimony he was employed by Geneva; that he had been out at this machine on numerous occasions while it was in the possession of Geneva, to work on the shovel; that he had occasion to observe the swing gears at these times, and that practically every time he was out there he saw that these gears were dry from lack of lubrication. Again, his testimony stands alone against that of an array of witnesses who testified that the machine was well lubricated at all times. But, again, that was for the jury. Woods was competent to testify concerning the matters about which his testimony centers.

■ If these gears could be repaired, as testified to by Crandall, or if they became useless on account of lack of care in the operation of the machine by Geneva and from lack of lubrication, Geneva would be liable for the rent. If, on the other hand, it became useless as the result of normal wear and tear, there would be no liability. The jury resolved this question against Geneva, and we cannot say as a matter of law that there was no competent evidence to support the verdict merely because the testimony of these two witnesses

is opposed by an array of competent witnesses, or even because we might have found otherwise had we been the trier of the facts. Their testimony was germane to the question, and was competent, and the issue presented was one for determination by the jury.

Affirmed.